## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOHN CALDWELL,
ADC #90188                                                                                       PLAINTIFF

V.                                          5:14CV00042 BSM/JTR

WENDY KELLEY,
Deputy Director of Health Services, ADC, et al.                        DEFENDANTS

## ORDER

Plaintiff, John Caldwell, has filed this *pro se* § 1983 action alleging that Defendants Iko, Floss, York, and Kelley failed to provide him with constitutionally inadequate medical care. Plaintiff has four Motions asking the Court to compel each of the Defendants to further answer his discovery requests.[1] The Court will address each Motion separately.

---

[1] Defendants York, Iko, and Floss, who are represented by the same attorney, argue that Plaintiff's Motions to Compel are improper because they do not contain a good faith certification, as required by Fed. R. Civ. P. 37(a)(1). *Docs. 69, 70, & 71*. Because prisoners have limited access to telephones and mailing supplies, the Court's general practice is to *not* require them to confer in good faith prior to filing a Motion to Compel. Defendants York, Iko, and Floss do not otherwise address the arguments made in Plaintiff's Motion to Compel. Instead, they merely stand on the objections made in their initial responses to Plaintiff's discovery requests. Doing so is improper. In the future, counsel's responses to any motions to compel must *specifically* explain why *each* challenged discovery request is improper under the Federal Rules of Civil Procedure. If counsel asserts that the security risks or confidentiality prevent disclosure of any requested information, a copy of the requested document must be filed *under seal* and counsel must explain, *with specificity*, why that particular document or information should not be released to the plaintiff.

## I. Motion to Compel Defendant Iko

Plaintiff alleges that, while he was in the Varner Unit in May of 2013, Defendant Dr. Iko canceled his fifteen-year prescription for orthopedic shoes and arthritis medication.

### A. Interrogatories 11 & 15

In Interrogatory 11, Plaintiff asked Defendant Iko "what motivated you to cancel all established medical care for fifteen (15) years of chronic care case history, concerning Plaintiff John Caldwell." *Doc. 71-1 at 5*. Similarly, in Interrogatory 15, Plaintiff asked Defendant Iko to identify "any rule, regulation, publication, directive, or other source" that she used when reaching her decision. *Id. at 6*. Defendant Iko correctly objected to those discovery requests as being over broad, argumentative, and assuming facts not in evidence. Although the interrogatories were improperly worded, Plaintiff is entitled to know why Defendants Iko made her May 2013 decision.

Thus, the Motion to Compel is granted, as modified, as to Interrogatories 11 & 15. Defendant Iko must file, **within fourteen days of the entry of this Order,** a Supplemental Response explaining: (1) why she decided, in May of 2013, to cancel Plaintiff's prescription for orthopedic shoes and arthritis medication; and (2) whether she relied on any ADC directives of policies when making that decision.

### B. Interrogatory 13

In Interrogatory 13, Plaintiff asked Defendant Iko how many other patients she canceled orthopedic footwear for in 2013. *Id. at 6.* The issue in this case is whether Defendant Iko provided adequate medical care *to Plaintiff*. Information about medical care Defendant Iko provided to other patients is irrelevant to that issue. Thus, the Motion to Compel is denied as to Interrogatory 13.

## C.      Interrogatory 17

In Interrogatory 17, Plaintiff asked Dr. Iko to list any civil actions that have been filed against her. *Id. at 7.* That interrogatory improperly seeks information that is irrelevant to the specific inadequate medical care claim Plaintiff has raised against Defendant Iko in this lawsuit. Thus, the Motion to Compel is denied as to Interrogatory 17.

## II.  Motion to Compel Defendant Deborah York

Defendant York is the Infirmary Manager at the Varner Unit. Plaintiff alleges that, in May of 2013, she denied him adequate medical care when she approved Defendant Iko's decision to cancel his prescription for orthopedic shoes and arthritis medication.

## A.      Interrogatories 5, 10, 11, & 16

In Interrogatories 5 and 16, Plaintiff asked Defendant York to describe every civil lawsuit and disciplinary action that have ever been instituted against her. *Doc.*

*60 at 11 & 15.* Similarly, in Interrogatories 10 and 11, Plaintiff asked Defendant York the number of Varner Unit inmates who had their prescriptions for orthopedic shoes canceled in 2013. *Id. at 13.*

The issue in this case is whether Defendant York failed to provide constitutionally adequate medical care *to Plaintiff*, and not to any other prisoners or patients. Thus, the Court agrees with Defendant York that these discovery requests improperly seek irrelevant information. Thus, the Motion to Compel is denied as to Interrogatories 5, 10, 11, and 16.

**B.     Interrogatories 6, 12, 13, & 14.**

In Interrogatory 6, Plaintiff asked Defendant York to "state how funding was appropriated at the Varner Unit, ADC, specifically to purchase chronic care orthopedic footwear and treatment.  Was it as needed, quarterly, proportional by population, or how, be specific." *Id. at 12.*  The Court agrees with Defendants that this discovery request is over broad and improper to the extent that it seeks funding information that may have had no bearing on the May 2013 decision to cancel his prescription for orthopedic shoes.  Thus, the Court will order Defendant York to explain whether state funding played a roll in her May 2013 decision to terminate Plaintiff's prescription for orthopedic shoes.

In Interrogatories 12, 13, & 14  Plaintiff asked Defendant York why, in May of

2013, she: (1) approved the cancellation of his orthopedic shoe and arthritis medication; (2) personally discussed those reasons with Plaintiff; and (3) considered any rule, regulation, or directive when making her decision. *Id. at 13-14.* Defendant York improperly responded to these discovery requests by referring Plaintiff to his medical records, in total, instead of explaining her personal recollection.

Thus, the Motion to Compel is granted, as modified, as to Interrogatories 6, 12, 13, & 14. Defendant York must, **within fourteen days of the entry of this Order**, file a Supplemental Response explaining: (1) why she approved Defendant Iko's May 2013 decision to cancel Plaintiff's prescription for orthopedic shoes and arthritis medication; (2) any funding considerations that played a role in her decision; and (3) any specific ADC directives, rules, or policies that she considered when making that decision.

### III.  Motion to Compel Defendant Floss

Defendant Dr. Floss is the Regional Director for Corizon, Inc., which is the corporation that provides healthcare to ADC prisoners. Plaintiff alleges that Defendant Floss approved Defendant Iko's May 2013 decision to cancel Plaintiff's prescription for orthopedic shoes and arthritis medication. Sometime thereafter, Defendant Floss allegedly denied an ADC doctor's recommendation that Plaintiff be examined by an orthopedic specialist.

**A.      Interrogatories 4, 6, & 15**

In Interrogatories 4, 6, and 15, Plaintiff asked Defendant Floss to list every civil action, medical board disciplinary action, and employer disciplinary action that has ever been initiated against him. *Doc. 61 at 12 & 15*. As previously discussed, that request improperly seeks irrelevant information. Thus, the Motion to Compel is denied as to Interrogatories 4, 6, and 15.

**B.      Interrogatory 5**

In Interrogatory 5, Plaintiff asked Defendant Floss if he was "awarded any incentive financial bonuses" while working for Corizon, Inc. *Doc. 61 at 12*. The Court agrees with Defendant Floss that this request is over broad and seeks irrelevant information about Defendant Floss's compensation. Thus, the Motion to Compel is denied as to Interrogatory 5.

**C.      Interrogatories 7, 10, & 13**

In Interrogatory 7, Plaintiff asked Defendant Floss if Corizon, Inc. appropriated funding "for the Varner Unit specifically to purchase chronic care orthopedic shoes and treatment, including out of unit consults; as it was needed, quarterly proportional by population, or how, specify." *Doc. 61 at 13*. In Interrogatory 10, Plaintiff asked Defendant Floss what "motivated you to cancel" the prescription for orthopedic shoes and "block further consult requests." *Id. at 14*. Finally, in Interrogatory 13, Plaintiff

asked Defendant Floss to identify any Corizon, Inc. policy or rule that caused him to "contradict the opinions of the past 15 years" and "cancel all his established medical care." *Id.* Defendant Floss refused to answer all three discovery requests as being argumentative and speculative.

Although poorly worded, these discovery requests properly seek the reasons for Defendant Floss's decisions. Thus, the Motion to Compel is granted, as modified, as to Interrogatories 7, 10, & 13. Defendant Floss must file, **within fourteen days of the entry of this Order**, a Supplemental Response explaining: (1) why he approved the Defendant Iko's May 2013 recommendation to cancel Plaintiff's prescription for orthopedic shoe and arthritis medication; (2) why he denied an ADC doctor's subsequent request to have Plaintiff examined by an orthopedic specialist; and (3) what, if any, corporate budget concerns or specific policy considerations he relied on when making either decision.

### D.     Interrogatory 11

In Interrogatory 11, Plaintiff asked Defendant Floss the number of Varner Unit prisoners who had their orthopedic shoe prescriptions canceled in 2013. As previously explained, that information is irrelevant to the issues in this case. Thus, Plaintiff's Motion to Compel is denied as to Interrogatory 11.

### IV.  Motion to Compel Defendant Kelley

Plaintiff alleges that Defendant Kelley, who is the ADC Deputy Director, failed to take proper corrective action after reviewing his grievances about his medical care and job assignment.

In these Interrogatory 11 and Request for Production 3, Plaintiff asked Defendant Kelley to identify and produce copies of any ADC policies, rules, or directives that authorized her approval of his job assignment and the cancellation of his orthopedic shoes. *Doc. 68-1 at 2 & 3.* Defendant Kelley responded that she was not aware of any responsive documents. The Court cannot order Defendant Kelley to produce what does not exist.

In Interrogatories 14 & 17, discovery requests, Plaintiff asked Defendant Kelley the total number of prison grievances she denied in 2013 and to list every lawsuit in which she has been a defendant. Defendant Kelley properly objected to those discovery requests as seeking information that is irrelevant to the specific claims raised by Plaintiff in this lawsuit. Thus, the Motion to Compel Defendant Kelley is denied.

## V. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel Defendant Iko to supplement her discovery responses (*Doc. 62*) is GRANTED IN PART, as specified in this Order.

2.	Plaintiff's Motion to Compel Defendant York to supplement her discovery responses (*Doc. 60*) is GRANTED IN PART, as specified herein.

3.	Plaintiff's Motion to Compel Defendant Floss to supplement his discovery responses (*Doc. 61*) is GRANTED IN PART, as specified herein.

4.	Plaintiff's Motion to Compel Discovery Defendant Kelley to supplement her discovery responses *(Doc. 67)* is DENIED.

Dated this 1st day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE